IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | ) | Civil Action No. _____ |
| STEPHANIE L. WYRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CIGNA INSURANCE COMPANIES A/K/A LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| COMPLAINT | | |

Plaintiff Stephanie L. Wyrick, through her attorney, G. Gregory Green, for her Complaint in the captioned action, hereby states and alleges as follows:

PARTIES, JURISDICTION, AND VENUE

   1. Plaintiff Stephanie L. Wyrick is a citizen and resident of the State of Louisiana.

2. Defendant Life Insurance Company of North America(hereinafter referred to as LINA), is a foreign corporation authorized to transact business in the State of Louisiana.

3. Defendant Life Insurance Company of North America Long Term Disability Plan (the "Plan") is an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. §§ 1001 to 1461. The Plan is sponsored by Life Insurance Company of North America for the benefit of certain employees of Graphic Packaging international, Inc.(hereinafter referred to as Graphic) at their paper plant located in West Monroe, Louisiana. LINA is named as the administrator of the Plan.

4. LINA insures benefits under the Plan, and is authorized and required to determine claims for benefits under the Plan.

5. Because this action arises under ERISA, this court has original subject matter jurisdiction pursuant to 29 U.S.C.A. § 1132(e) and 28 U.S.C.A. § 1331.

6. Venue is proper in this District because certain breaches of the Plan, as set forth below, took place in this District, because Plan benefits were denied to Plaintiff, and because Plaintiff applied for and was denied Plan benefits in this District.

7. From August 21, 2000 to October 6, 2015, Plaintiff was employed by Graphic as an Purchasing Coordinator. Throughout her employment, Plaintiff was a participant in the Plan.

8. Plaintiff has suffered from scoliosis beginning in approximately 1985, was diagnosed with lumbar disc disease and chronic low back pain with tingling and radiculitis in October 2015. This condition has progressively worsened. Plaintiff's ability to perform the duties of her occupation became progressively more difficult. Effective October 6, 2015, upon the advice of her physician, Dr. Anthony Sin, Plaintiff ceased working because she was

unable to perform the duties of his occupation.

9. Plaintiff applied for benefits under the Plan on December 1, 1998, by submitting to LINA through CIGNA a completed application form, a physician's statement, and all other documents as required by LINA and Graphic.

10. On November 10, 2016, all disability payments to plaintiff under the plan ceased, as may be seen by the letter attached hereto as Exhibit 1..

11. On November 21, 2016, Plaintiff appealed this determination, as indicated by letter, a copy of which is attached hereto as Exhibit 2. The basis of the denial was as follows:

(a) LINA asserted that Plaintiff was able to return to her former job on the basis of a report issued by a neurologist who reviewed her medical records and a job decsription.

(b) LINA asserted that Plaintiff was able to perform a full range of sedentery work.

12. On or about February 21, 2017, Plaintiff's appeal was denied as may be seen by the letter from LINA attached hereto as Exhibit 3. Plaintiff thereupon requested a final administrative appeal and submitted more medical evidence to LINA.

13. On June 6, 2017, Plaintiff received the denial of her final administrative appeal as may be seen by the June 2, 2017 final denial letter, which has been attached hereto as Exhibit 4.

14. Plaintiff received $2,100.00 per month in disability benefits until LINA discontinued payment of her disability benefits in November.

CLAIM FOR RELIEF

15. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 14 above.

16. Plaintiff has fulfilled all conditions for receipt of benefits under the Plan, and has presented such evidence to LINA.

17. LINA has wrongfully denied Plaintiff's claim for benefits under the Plan. LINA has made unsupported factual conclusions, and has misconstrued the terms of the Plan, in reaching its determination to deny Plaintiff's claim for benefits.

18. LINA's denial of Plaintiff's claim for benefits is a result, at least in part, of the conflict between LINA's fiduciary obligations to plan participants when determining claims under the Plan, and its interest in maximizing its own profitability. This result of conflict of interest has been demonstrated in a number of ways, including but not limited to the following:

(a) LINA has refused to consider information from Plaintiff's physician, which provided explanation for the disability suffered by Plaintiff.

(b) LINA has refused to consider that Plaintiff is incapable of returning to her former job as performed at Graphic because she is capable of performing less than a full range of sedentary work as defined by the policy.

(c) LINA's review of the denial of Plaintiff's claim was conducted by the same division of the company which denied Plaintiff's initial claim for benefits.

20. LINA's denial of Plaintiff's claim for benefits is contrary to the terms of the Plan and contrary to the evidence and information submitted to ABC. ABC's denial of Plaintiff's claim is therefore wrongful.

21. Plaintiff is entitled to recover benefits under the Plan. Plaintiff is also entitled to an Order of the Court clarifying his rights under the Plan, adjudging that Plaintiff met the disability requirement of the Plan.

22. Plaintiff has incurred, and will continue to incur, attorneys' fees, costs and expenses in bringing and prosecuting this action. Plaintiff entitled to an award of such attorneys' fees, costs and expenses pursuant to 29 U.S.C.A. § 1132(g).

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor, and against Defendants, as follows:

(a) By entering judgment requiring LINA to pay Plaintiff all benefits due under the Plan, commencing with the first day such benefits were due and continuing through the date of judgment;

(b) By entering judgment clarifying that Plaintiff has fulfilled all terms and conditions of the Plan for receipt of benefits, and that Plaintiff is entitled to continue to receive benefit in the absence of evidence supporting the conclusion that Plaintiff's condition has changed such that Plaintiff is no longer totally disabled;

(c) By awarding to Plaintiff his attorneys' fees, costs and expenses as provided under 29 U.S.C.A. § 1132(g); and

(d) By awarding such other and further relief as is just and proper.

DATED this 7th day of July, 2017.

Respectfully submitted,
s/G. G. Green
G. GREGORY GREEN
409 BRES AVENUE
MONROE, LA. 71201
Phone: 1-(318)-322-4477
Fax: 1-(318)-322-4478
E-mail: lawofficegggreen@aol.com
ATTORNEYS FOR PLAINTIFF
Stephanie L. Wyrick